THORP v. HEYMAN.

(Supreme Court, Appellate Term, First Department.    April 27, 1896.)

PLEADING—AMENDMENT.
    Error cannot be predicated of the refusal of an amendment setting up a counterclaim, where it is apparent that it could not be sustained.

Appeal from Sixth district court.

Action by Harry Thorp against Emil Heyman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. J. Hindes, for appellant.

Henry J. Goldsmith, for respondent.

McADAM, J. The action is by the plaintiff, on his own behalf and as assignee of one Piser, for commissions claimed to have been earned by them as canvassing agents while in the employ of the defendant. The defendant is the owner of a studio, in which photographs are taken and frames sold. His specialty is enlarging pictures, his plan being to employ agents to go through the country and solicit orders, agreeing that, if persons will supply their photographs, the defendant will enlarge them free of cost, provided that, when each picture is ready, the customer buys a frame at an expense of at least $3.95. The agreement with the plaintiff and his assignor was that they should have 75 cents on all orders that were good, and 20 per cent. of 75 cents for those that were not good. It was,

therefore, expected that many of the orders would not be profitable; but they were, nevertheless, to be paid for as stated. The plaintiff procured 48 orders, and his assignor 47,—making, in all, 95. The defendant proved that 28 of these orders were bad, and there was reason to believe that some were what the witnesses described as "fake," or fraudulent, orders; but there was no satisfactory proof upon this subject. Figuring on the proper basis, there was due to the plaintiff and his assignor just about the amount for which the justice directed a recovery. Mr. Helsey, the manager of the defendant's portrait department, furnished the plaintiff and his assignor with slips which tend to corroborate the plaintiff's evidence as to the balance due, and, taken as a whole, the judgment is fully sustained by the evidence presented.

Upon employing the plaintiff and his assignor, the defendant gave them each $25. They claimed this was a bonus to secure their services. Such was, no doubt, the fact, and the justice evidently so found. The defendant undertook to amend his answer by setting up a counterclaim, in the hope of recovering back or obtaining credit for the $50, and the justice refused to allow the amendment. Assuming, as we do, that the justice might properly have granted the application (Code, § 2944; Consolidation Act 1882, § 1347), his refusal to do so was not error. An amendment may be refused, if it be immaterial, unnecessary, or will not accomplish the purpose for which it is intended. 1 Enc. Pl. & Prac. 523.

The case was decided upon conflicting evidence. The justice, having seen the witnesses, and observed their manner of testifying, was best qualified to determine the questions of credibility and weight of evidence; and the judgment rendered by him must be affirmed, with costs. All concur.